## Case No. 466.

### ANONYMOUS.

[1 Pac. Law. Rep. 173.]

District Court, D. California. May 6, 1871.

INVOLUNTARY BANKRUPTCY—FRAUD—SECRETION OF GOODS.

[1. The seller of certain goods, hearing of the probable insolvency of the purchaser, made an examination of the latter's stock, and found that a part of it had been secreted. The seller then induced the buyer to give up goods enough to satisfy the debt for which a receipt in full was given. The greater part of the goods so taken had been obtained from another seller. *Held*, that the transaction was a fraud upon the bankruptcy act, and that the assignee subsequently appointed could recover from the seller the value of the goods so seized.]

[2. The secretion of the goods by the purchaser to prevent their being taken on attachment amounted to an act of bankruptcy.]

In bankruptcy.

HOFFMAN, District Judge. A. purchased goods for business purposes of B. and also of C. B., hearing of the probable inability of A. to pay, sent an agent to demand payment, which was done, and who saw the stock of goods was much reduced, whereupon he instituted search, and found some eight hundred dollars worth of goods secreted, chiefly the goods bought of C. Thereupon he induced A. to give him sufficient of the goods to satisfy his debt to B. Subsequently, on petition of C., A. was adjudged a bankrupt. A. contends that he did not consent to B. taking the goods, but it appears that he did receive a receipt in full of B. The goods left with A. were of little value and insufficient to meet the demands of C. and others. Held:—

1. In surrendering his property, the bankrupt intended what was the inevitable result. This is made more clear from the fact of his failure to apply for a month thereafter for a division of his property among his creditors.

2. The assignee of the bankrupt now sues B. to recover the value of such goods to the estate as were seized by B., and judgment in favor of the assignee must be entered.

3. That the defendant B. obtained a preference, and has procured a payment in full of his whole demand against the bankrupt, is indisputable.

4. It is urged that it is not shown that A. was insolvent at the time of the transfer. Whether or not the total value of his stock of goods had been converted into money may be doubtful. But he was unable to pay his indebtedness as it accrued, which it is said is the test of insolvency, under the bankrupt act. He had committed an act of bankruptcy by secreting his goods, to prevent their being taken on attachment. This the defendant well knew, and the knowledge of that fact induced him to adopt summary means resorted to by him to obtain a payment of his debt. The bankrupt declined to pay the debt when demanded, and suffered his business to be broken up and the greater part of his stock in trade to be carried away. "He has since been adjudged a bankrupt, and it is to be presumed that no assets sufficient to satisfy his other indebtedness have come into the hands of the assignee; for, otherwise, this suit, which has been instituted for the benefit of the other creditors, would not have been commenced." "Under these circumstances, I cannot but consider the fact of insolvency as clearly established, and it is equally clear that the creditor had reasonable cause to believe the debtor to be insolvent, and that the transaction whereby he sought to obtain a preference necessarily operated a fraud on the bankrupt act."